FILED _____ LODGED
_____ RECEIVED

APR 25 2012

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF
# WASHINGTON

CV12 5361 BHS

**Donald R. Dees,**
**Petitioner,**

v.

**United States of America,**
**Respondent**

CASE NO. _____

## PETITION TO QUASH
## I.R.S. SUMMONS

TAC #9733

Summons issu

## PETITION TO QUASH I.R.S. SUMMONS

1. COMES NOW, Donald R. Dees, in propria persona, on April 25th, 2012 and files this *Petition To Quash I.R.S. Summons*(es) with the federal district court, the parties summoned to produce records, and the issuing I.R.S. office(s) and agent(s), pursuant to Title 26 U.S.C. § 7609 (b)(2), in order to Quash the disputed Administrative Summons, Form(s) 2039 [and xxxx], attached as Exhibit(s) (A - Z), that the Internal Revenue Service employees have improperly issued and served upon Columbia Bank, Umpqua Financial Bank, Thrivent Bank, and Thrivent For Lutherans.

2. According to the written provisions of Title 26 U.S.C. Sec 7608(a) and (b), the instant **Subtitle A** Summons has been improperly served by the **Internal Revenue Agent**, without proper statutory authority for this type of I.R.S. employee to serve this type of Summons.

3. This petition is predicated on the provisions of 26 U.S.C. § 7609(b)(2), establishing the right of the person summoned, or the person whose books and records are summoned from a third party record-holder, to intervene in the processes and to quash the Summons for legal cause. In the instant matter, the I.R.S. Agent is either **exceeding and violating** the clear,

1

explicit, and limited authority of § 7608(a), or is obviously **misusing,** in an incidence of misfeasance and abuse, a legal authority **not** granted to him/her under § 7608(b).

4.  Petitioner therefore petitions this Court to Quash this/these administrative Summons(es) under Title 26 USC Sections 7604(a), 7402(b), and the Fed. R. Civ. P. Rule 12(h)(3), **for lack of the court's jurisdiction** to enforce the Summons, **for want of the statutorily required** "*appropriate process"* controlling the proper legal service of a Summons, and the legitimate use of the Summons enforcement authorities, by the Internal Revenue Service Agents and Officers **when operating within the distinct and different Subtitles** of Title 26.

5.  Petitioner further Moves this honorable court to Quash this/these disputed I.R.S. Summons(es) for lack of proper required legal service of the Summons(es) as plainly and clearly specified and required under Title 26 U.S.C. (I.R.C.) § 7608(a) and (b), and the Fed. R. Civ. P. Rule 12 (b)(5).

## RIGHT TO INTERVENE;  RIGHT TO PETITION TO QUASH

6.  Petitioner will seek to intervene and have this summons quashed pursuant to the provisions of I.R.C. § 7609(b)(2).    Section 7609(b) reads:

> **§ 7609  Special procedures for third party summonses**
> ...
> **(b) Right to Intervene Right to Proceeding to Quash.--**
>
> (l) Intervention.--Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) **shall have the right to intervene in any proceeding** with respect to the enforcement of such summons under section 7604.
>
> (2) Proceeding to quash.—
>
> (A) In general.--Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) **shall have the right to begin a proceeding to quash such summons** not later than the 20th day after the day such notice is given in the manner provided in subsection (a)(2). In any such proceeding, **the Secretary may seek to compel compliance with the summons**. (emphasis added)

2

(B) requirement of notice of person summoned and to secretary.--If any person begins a proceeding under subparagraph (A) with respect to any summons, not later than the close of the 20 day period referred to in subparagraph (A) such person **shall mail by registered or certified mail a copy of the petition to the person summoned and to such office as the Secretary may direct in the notice** referred to in subsection (a)(1). (emphasis added)

(C) Intervention etc.--Notwithstanding any other law or rule of law, the person summoned shall have the right to intervene in any proceeding under subparagraph (A). such person shall be bound by the decision in such proceeding (whether or not the person intervenes in such proceeding).

7.      Petitioner has complied with the Title 26 statutory Notice requirements identified in § 7609 (b)(2)(B) by **mailing by registered or certified mail a copy of this filed Petition to the person(s) summoned and to such I.R.S. office(s) as the Secretary directed on the face of the Summons notice(s).**

## JURISDICTION OF THE DISTRICT COURT OVER PETITION PROCEEDINGS

8.      The jurisdiction of the federal district court to hear proceedings like this action, that are  initiated to Quash an allegedly unauthorized I.R.S. Summons, is secured under Title 26 U.S.C. § 7609(h) which states:

**§ 7609  Special procedures for third party summonses**
...
**(h) Jurisdiction of district court; etc.**
**(1) Jurisdiction**
The United States district court for the district within which the person to be summoned resides or is found shall have jurisdiction to hear and determine any proceeding brought under subsection (b)(2),(f), or (g).  An order denying the petition shall be deemed a final order which may be appealed.

3

9.    As it will be shown, this jurisdiction of the federal district court, to entertain these
      Quash proceedings, is a distinctly different jurisdiction of the court than that which exists
      under Title 26 U.S.C. Sections 7604 and 7402 **to enforce the Summons**.

10.   The I.R.S. authority to issue a Summons under authority of the United States to compel
      an appearance to produce books and records for inspection, and to make testimony
      concerning the determination of a potential tax liability, is granted to the employees of
      the Internal Revenue Service under Title 26 U.S.C. Section 7602.

11.   Section 7602 however, is not the statute relevant to, **or controlling, the enforcement
      of the Summons** by the federal district court.    The **enforcement** of the Summons is
      controlled under the statutes by Title 26 U.S.C. Sections 7604 and 7402, and under those
      code sections it is necessary for the I.R.S. employees to provide and obey the statutorily
      specified "*appropriate process*" that is **necessary and required in order for the federal
      district court to hold jurisdiction to enforce the Summons**.

12.   Additionally, Sections 7602 and 7603 **are not the only statutes relevant** to the proper
      lawful use of the Summons authority, its legal issuance, and its proper required legal
      service, as required to be made by the Internal Revenue Agent.    Plainly and clearly there
      are other provisions, also relevant and controlling, contained in the statutes of Subchapter
      A – "*Examination and Inspection*", in Chapter 78 of Title 26, starting with Section 7603
      and ending with Section 7613, the statutes consecutively following Section 7602 (- the
      above-identified authority of the I.R.S. to Summons books and records under authority of
      the United States).

13.   **Under the statutes of Chapter 78 (26 U.S.C.),** the power **to enforce** the issued
      Summons is **NOT granted** to the Internal Revenue Service employees by Section 7602.
      The authority to enforce the Summons power is very carefully placed, **through
      "*appropriate process*", only** with the federal District Courts, **by other code sections,
      besides Section 7602, that are made controlling over the enforcement process**.

## JURISDICTION OF THE DISTRICT COURT
## TO ENFORCE SUMMONS

14.    The specific authority of the District Courts to enforce an Internal Revenue Summons issued under authority of the United States under Title 26 U.S.C. Section 7602, is clearly and plainly identified and established in Title 26 U.S.C. Sections 7402(b) **and** 7604(a), which both contain extremely similar and completely consistent provisions.  Section 7604(a) plainly states:

> **§ 7604. Enforcement of summons**
>
> **(a) Jurisdiction of district court**
> If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, records, or other data, **the United States district court** for the district in which such person resides or is found **shall have jurisdiction by appropriate process** to compel such attendance, testimony, or production of books, papers, records, or other data. (emphasis added)

15.    And Section 7402(b) similarly plainly states:

> **§ 7402. Jurisdiction of district courts**
> ....
> **(b) To enforce summons**
> If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, or other data, **the district court** of the United States for the district in which such person resides or may be found **shall have jurisdiction by appropriate process** to compel such attendance, testimony, or production of books, papers, or other data. (emphasis added)

16.    These statutes both make it absolutely clear, without any confusion at all, that while the authority to Summons books, records, information, and testimony is established under Section 7602, **it is not applied or enforced under that same section**.  The jurisdiction **of the District Court to enforce the Summons is ONLY established by the**

5

**accomplishment** of the twice statutorily specified "***appropriate process***".  **Both** of these statutes consistently invoke the same requirement of "***appropriate process***" in order for the District Court to hold jurisdiction to enforce the I.R. Summons.

17.   That requirement of "***appropriate process***" cannot be accomplished unless all of the specific requirements of the controlling statutes regarding the issuance, service, and enforcement of a Summons are meticulously followed and obeyed by the United States and its Agents and Officers and other employees of the I.R.S., throughout the Summons enforcement process.

## STATUTORILY REQUIRED "*appropriate process*"

18.   The statutory requirements at law, **necessary to establish the required** "***appropriate process***", which is itself **necessary for the District Court to hold jurisdiction to enforce an I.R. Summons**, are provided in Title 26 U.S.C. §§ 7603 through 7613.

19.   Those statutes, from **Subchapter A** – "*Examination and Inspection*", **contained in Chapter 78 of Title 26, controlling, and limiting, the legitimate use of the Summons power,** are each entitled, and provide in summary:

    **§ 7603. Service of summons**
    **§ 7604. Enforcement of summons**
    **§ 7605. Time and place of examination**
    **§ 7606. Entry of premises for examination of taxable objects**
    § 7607. [Repealed]
    **§ 7608. Authority of internal revenue enforcement officers**
    **§ 7609. Special procedures for third-party summonses**
    § 7610. Fees and costs for witnesses
    § 7611. Restrictions on church tax inquiries and examinations
    **§ 7612. Special procedures for summonses for computer software**
    **§ 7613. Cross references**

20.  Plainly, just from the titles of these code section we can very clearly see that **each and every one of these statutes** (except 7607) **has very specific relevance to, and controls an element of the required due process for, the lawful use of the Summons power**, with each statute addressing a different and unique aspect of the "*appropriate process*" necessary for the district court to hold jurisdiction to enforce the Summons. **Jurisdiction of the court only exists if the Summons was issued and served properly, under all of these statutes, as required in the manner that the statutes are actually written to clearly require, and without exceeding any of those authorities, or violating any of the imposed limitations on the use of the Summons power UNDER ALL OF THE STATUTES, not just one or two of them.**  In the instant dispute, those fundamental requirements clearly **did not happen**.

21.  In this matter, those requirements of "*appropriate process*" identified in those controlling code sections have not been met.  In the instant matter the Summons **has not been served by a person who is lawfully authorized by the statutes** under Section 7608 to serve a Summons enforcing or investigating alleged violations **of the Subtitle A tax code provisions as required by 26 U.S.C. (IRC) § 7608(b)**.

## DIFFERENT AUTHORITIES UNDER THE DIFFERENT SUBTITLES

22.  The true legal authority of Internal Revenue Service employees, like Internal Revenue Agent Sarah Del Carmen, to **serve** an Internal Revenue Summons issued under authority of the United States (under § 7602) is clearly specified and spelled out in **Title 26 U.S.C. § 7608**, subsection **(a)**.  It plainly states:

> **§ 7608. Authority of internal revenue enforcement officers.**
>
> **(a) Enforcement of subtitle E** and other laws **pertaining to liquor, tobacco, and firearms**
>
> Any **investigator, Officer, or other Internal Revenue Agent** by whatever

term designated, whom the Secretary charges **with the duty of enforcing any of the criminal, seizure, or forfeiture provisions of subtitle E** or of any other law of the United States **pertaining to the commodities subject to tax** under such subtitle for the enforcement of which the Secretary is responsible may –

    (1) carry firearms;
    (2) execute and serve search warrants and arrest warrants, and **serve subpoenas and summonses** issued under authority of the United States;

(emphasis added)

23.   In the instant circumstances, as a "Internal Revenue Agent", Sarah Del Carmen is **only authorized** by this statute **to serve a Summons while conducting Subtitle E investigations** enforcing the Subtitle E laws **pertaining** to liquor, tobacco, and firearms, **commodities subject to tax.     The Internal Revenue Agent is in violation of this statute,** as **Petitioner has never engaged in any Subtitle E activities** involving any ATF commodities or related business operations.   Additionally, the records sought under the Summons  by Internal Revenue Agent Sarah Del Carmen are **not** related to any Subtitle E activities or tax as authorized.

24.   Therefore the instant Summons has been improperly issued because the Internal Revenue Agent has exceeded his/her limited statutory authority to serve a Summons within a Subtitle E investigation.   **Under I.R.C. § 7608(a),** the Internal Revenue Agent has no authority to act **under Subtitle A**.   However, the authority is granted to serve a Summons under Subtitle A, in statute, under the next code sub-section, I.R.C. § 7608(b). However that authority does not include the Internal Revenue Agent.

25.   It is erroneous to interpret this code section, I.R.C. § 7608, as only being applicable to the authority of Internal Revenue Officers to enforce subtitle E and other laws pertaining to liquor, tobacco, and firearms.   Because, while subsection (a) of that section indeed addresses only Subtitle E investigations, and limits the authority of the Internal Revenue Agent to investigative activities conducted **only under Subtitle E**, it is also a fact that this code section (§ 7608) **specifically addresses** the "*Enforcement of laws relating to internal revenue OTHER THAN SUBTITLE   E*", **in the very next sub-section, 7608(b).**

8

Subtitles "**OTHER** THAN SUBTITLE  E ", would of course **include Subtitle A**, and thus **becomes controlling in the instant dispute**.

26.   The authority to serve Summons issued under investigations relating to **Subtitle A** tax matters, **which would be the relevant, applicable, and controlling authority in the instant matter under the factual circumstances**, is indeed specified and established under Title 26 U.S.C. § 7608, subsection **(b)**, which plainly states:

> **§ 7608. Authority of internal revenue enforcement officers.**
>    …
> **(b) Enforcement of laws relating to internal revenue OTHER than subtitle E**
>
> (1) Any **criminal investigator of the Intelligence Division** of the Internal Revenue Service whom the Secretary charges with the duty of enforcing any of the criminal provisions of the internal revenue laws, any other criminal provisions of law relating to internal revenue for the enforcement of which the Secretary is responsible, or any other law for which the Secretary has delegated investigatory authority to the Internal Revenue Service, **is**, in the performance of his duties, **authorized to perform the functions described in paragraph (2).**
>
> > (2) The functions authorized under this subsection to be performed by an officer referred to in paragraph (1) are –
> >
> > > (A) to execute and serve search warrants and arrest warrants, and **serve subpoenas and summonses** issued under authority of the United States;    (emphasis added)
> > > ….

27.   Clearly and plainly, 26 U.S.C. Sec. 7608(b) specifies that **ONLY** a **"*criminal investigator* of the Intelligence Division"** may serve a Summons outside of Subtitle E, i.e.: **under Subtitle A, as in the instant matter**.    Internal Revenue Agent Sarah Del Carmen is **not** a *criminal investigator* of the Intelligence Division and has therefore violated 26 U.S.C. Sec. 7608(b) by serving a Summons that **only** a *criminal investigator* is authorized to serve.  Not surprisingly, since the law is consistent, the Internal Revenue Agent has also violated 26 U.S.C. Sec. 7608(a) by exceeding his or her true statutory authority as a Internal Revenue Agent in serving a Summons that is **not issued as part of a Subtitle E** investigation or enforcement action.

28.    The Authority that is actually possessed by Internal Revenue Agent Sarah Del Carmen, is that actually specified in Title 26 U.S.C. Sec. 7608(a), supra, to **only** serve a Summons regarding the "*criminal, seizure, or forfeiture provisions of subtitle E*" or "***pertaining** to the **commodities subject to tax**"*.

29.    Section 7608(b) irrefutably and unequivocably controls the "*Enforcement of laws relating to internal revenue OTHER than subtitle E*".    Plainly and clearly, that would include Subtitle A, which is the Subtitle relevant to this matter.

30.    IRC § 7608(a), only authorizes **a limited** investigative and Summons service authority under Subtitle E.  The Internal Revenue Agent has exceeded his/her authority under that subsection in this matter, and further ignores the fact that the Internal Revenue Agent has no authority to act under 7608(b), outside of subtitle E and under Subtitle A, because he/she is not a "*criminal investigator of the Intelligence Division*" as required by the statute in subsection (b).

## STATUTORY DISTINCTIONS

31.    **Congress very carefully made these statutory distinctions** controlling the lawful authority of the IRS employees to use the Summons power **within the different Subtitles.  The courts should not try to re-write the law for Congress, but must uphold what is therein actually written.**

32.    There exists a requirement, that is laid on this honorable court though a long and well known line of repeatedly consistent court precedents, to honor and hold to the standards of statutory construction, as the statues are actually written and provided by Congress, without favoritism or partiality to the government in its holdings, but with strict impartiality applied in precise accordance with the specific and clear meaning of the words used in the statutes.

# STATUTORY CONSTRUCTION

33. The recognized standards of legal construction, are, like the fundamental requirements of Due Process, well known to the federal courts and have been absolutely consistently applied within them, and are often repeated in the Opinions of the federal justices, at all levels of the federal court system. Many examples are readily available.

"In deciding a question of statutory construction, we begin of course with the language of the statute." *Demarest v. Manspeaker*, 498 US 184, 112 L Ed 2d 608, 111 S Ct. 599, (1991)

"As in all cases involving statutory construction, "our starting point must be the language employed by Congress," *Reiter v Sonotone Corp.*, 442 US 330, 337, 60 L Ed 2d 931, 99 S Ct. 2326 (1979), and we assume "that the legislative purpose is expressed by the ordinary meaning of the words used." *Richards v United States,* 369 US 1, 9, 7 L Ed 2d 492, 82 S Ct. 585 (1962)

"absent a clearly expressed legislative intention to the contrary, that language must ordinarily be regarded as conclusive." *Consumer Product Safety Comm'n v GTE Sylvania, Inc.*, 447 US 102, 108, 64 L Ed 2d 766, 100 S Ct. 2051 (1980).

"When the terms of a statute are unambiguous, judicial inquiry is complete except in rare and exceptional circumstances." *Freytag v. Commissioner*, 501 US 115 L Ed 2d 764, pp. 767 - 768

"Where statute's language is unambiguous, court's task of statutory construction is at end unless enforcement of statutory language would contravene clearly expressed legislative intent." *In Re Forfeiture Hearing as to Caplin,* 837 F.2d 637 (4th Cir. 1988)

"In construing a federal statute, it is presumable that Congress legislates with knowledge of the United States Supreme Court's basic rules of statutory construction." *McNary v. Haitian Refugee Center*, 498 US 479, 112 L Ed 2d 1005, 111 S Ct. 888, (1991)

"(T)he court's task is to determine whether the language the legislators actually enacted has a plain, unambiguous meaning." *Beecham v. United States*, 511 US 128 L Ed 2d 383 (1994)

" We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there. See, e.g., *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 241 -242 (1989); *United States v. Goldenberg*, 168 U.S. 95, 102 -103 (1897); *Oneale v. Thornton*, 6 Cranch 53, 68. When the words of a statute are unambiguous, then this first canon is also the last: "judicial inquiry is complete.", *Rubin v. United States*, 449 U.S. 424, 430 (1981) ; *see* also *Ron Pair Enterprises*, supra, at 241." *Connecticut National Bank v. Germain,* 503 US 249, p. 253-254, 117 L.Ed 2nd 91(1992)

"Rules of statutory construction are to be invoked as aids to the ascertainment of the meaning or application of words otherwise obscure or doubtful. They have no place, as this court has many times held, except in the domain of ambiguity." *Hamilton v. Rathbone,* 175 U. S. 414, 421, 44 L. Ed. 219, 222, 20 Sup. Ct. Rep. 155; *United States v. Barnes*, 222 U. S. 513, 518, 519, 56 L. Ed. 291-293, 32 Sup. Ct. Rep. 117. *Russell Motor Car Co. v. United States*., 261 US 514, pp. 517.

"In a statutory construction case, the beginning point must be the language of the statute, and when a statute speaks with clarity to an issue, judicial inquiry into the statute's meaning--in all but the most extraordinary circumstance--is finished; courts must give effect to the clear meaning of statutes as written." *Estate of Cowart v. Nicklos Drilling Co.,* 505 US 120 L Ed 2d 379, 112 S Ct. 2589 (1992)

"It is not a function of the United States Supreme Court to sit as a super-legislature and create statutory distinctions where none were intended." *American Tobacco Co. v Patterson,* 456 US 63, 71 L Ed 2d 748, 102 S Ct. 1534

"The United States Supreme Court cannot supply what Congress has studiously omitted in a statute." *Federal Trade Com. v Simplicity Pattern Co.,* 360 US 55, p. 55, 475042/56451

"The starting point in any endeavor to construe a Statute is always the words of the Statute itself; unless Congress has clearly indicated that its intentions are contrary to the words it employed in the Statute, this is the ending point of interpretation." *Fuller v. United States,* 615 F. Supp. 1054 (D.C. Cal 1985) , West's Key 188 quoting *Richards v. United States,* 369 US 1, 9, 82 S. Ct. 585, 590, 7 L.Ed. 2d 492 (1962)

"The starting point for interpreting a statute is the language of the statute itself; absent a clearly expressed legislative intention to the contrary, that language must ordinarily be regarded as conclusive." *Product Safety Comm'n v. GTE Sylvania*, 447 US 102, 64 L Ed 2d 766, 100 S Ct. 2051 (1980)

"Words used in the statute are to be given their proper signification and effect." *Washington Market Co. v. Hoffman*, 101 U. S. 112, 115, 25 L. Ed. 782, 783

"The construction of a statute by those charged with its execution should be followed unless there are compelling indications that it is wrong, especially when Congress has refused to alter the administrative construction, and such deference is particularly appropriate where an agency's interpretation involves issues of considerable public controversy and Congress has not acted to correct any misperception of its statutory objectives." *CBS, Inc. v FCC*, 453 US 367, p. 367, 69 L Ed 2d 706, p. 709

"This fact only underscores our duty to refrain from reading a phrase into the statute when Congress has left it out. '[W]here Congress includes particular language in one section of a statute but omits it in another ..., it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.' " *Russello v. United States,* 464 US 16, 23, 78 L Ed 2d 17, 104 S Ct. 296 (1983) (citation omitted). *Keene Corp. v United States,* 508 US 124 L Ed 2d 118, 113 S Ct. (1993)

34.  If we are to believe that code Sections 7602 and 7603 are the entire and only statutory authorities relevant to and necessary for the use of the Summons *issuance* and *service* powers, then, through that erroneous interpretation, we render **completely meaningless the entire Code Section of 7608**, and all of its subsections. **Section 7608(b)** clearly addresses and authorizes the investigative and summons service powers **under Subtitle A,** those **"other than Subtitle E".**

35.  Additionally, that code section **addresses, covers, and is made applicable, to both civil and criminal proceedings** through the specific language used by Congress in constructing the statute, where they wrote in § 7609(b)(1): "*Any criminal investigator of the Intelligence Division of the Internal Revenue Service whom the Secretary charges with the duty of enforcing any of the criminal provisions ... or any other law for which the Secretary has delegated investigatory authority to the Internal Revenue Service, is, in the performance of his duties, authorized to perform the functions described in paragraph (2).*". Paragraph 2 of § 7609(b) plainly and clearly states **who is legally authorized to make service** of the Summons. So, the Summons is issued under authority of the United States under § 7602, and served in the *manner* proscribed under § 7603, **by a person actually authorized to make such service under § 7608**, and all of these provisions must be given force of law as written in the court's application of the statutes.

36.     This honorable Court should very carefully note the **very specific distinction made by the two sub-sections of 7608, (a) and (b), between the two very different authorities** to serve Summons under **the two different subtitles, A and E.**  That distinction is based in the statute on the very specific IRS "*office*" or job position held by the I.R.S. employee issuing the Summons under authority of the United States (as provided under Section 7602), and then serving the Summons as required under the provisions of Sections 7603, 7608, 7609, and 7612, depending on the records summoned, the summoned party, **and the specific Subtitle under which the investigation is taking place**.

## CO-EXISTENCE OF STATUTES

37. When two statutes are not in direct conflict with one another, **they are taken to coexist as equally effective, each preserved with force of law within its authorized application, to the full extent possible under the language actually used in the written statutes.**  As it is improper to use one statute to destroy another of equal standing, it is clearly erroneous and improper to apply the words of one statute that authorizes the government to act, **while ignoring entirely the clear meaning of the plain words used in another related statute that limit the application of the government's authorized powers within circumstances specifically identified in the statutes**, and present in the case, i.e. the operation of the granted authority within the different specific subtitles of the I.R. Code, **depending on whether or not the investigation is being conducted under Subtitle E, or not.**

> Judges "are not at liberty to pick and choose among congressional enactments, and when two [or more] statutes are capable of coexistence, it is the duty of the courts, absent a clearly expressed congressional intention to the contrary, **to regard each as effective**." *Morton v. Mancari,* 417 US 535, 551, 41 L Ed 2d 290, 94 S Ct. 474 (1974). *County of Yakima v Yakima Nation*, 502 US 251, 116 L Ed 687 (1992)

> "We are not at liberty to construe any statute so as to deny effect to any part of its language. **It is a cardinal rule of statutory construction that significance and effect shall, if possible, be accorded to every word**. As early as in Bacon's Abridgment, § 2, it was said that 'a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word, shall be superfluous, void, or insignificant.' This rule has been repeated innumerable times." Justice Strong, *United States v. Lexington Mill & E. Co.*, 232 US 399, pp. 409. (1914)

14

## STATUTORY DOUBT RESOLVED IN FAVOR OF TAXPAYER

38. Tax laws are clearly in derogation of personal rights and property interests and are, therefore, subject to strict construction, and any ambiguity must be resolved against imposition of the tax. Where two statutes conflict with one another regarding a Citizen and his rights, **the Citizen**, and **not** the Government and its claims, **is to be favored and secured** under the law. In *Billings v. U.S.*, 232 U.S. 261, 34 S.Ct. 421 (1914), the Supreme Court clearly acknowledged this basic and long-standing rule of statutory construction:

> "**Tax statutes . . . should be strictly construed, and, if any ambiguity be found to exist, it must be resolved in favor of the citizen.** *Eidman v. Martinez*, 184 U.S. 578, 583; *United States v. Wigglesworth*, 2 Story, 369, 374; *Mutual Benefit Life Ins. Co. v. Herold*, 198 F. 199, 201, aff'd 201 F. 918; *Parkview Bldg. Assn. v. Herold*, 203 F. 876, 880; *Mutual Trust Co. v. Miller*, 177 N.Y. 51, 57." (Id at p. 265, emphasis added)

39. Other cases of course are readily found to support this understanding:

> "In view of other settled rules of statutory construction, which teach that a law is presumed, in the absence of clear expression to the contrary, to operate prospectively; that, if doubt exists as to the construction of a taxing statute, the doubt should be resolved in favor of the taxpayer..." *Hassett v. Welch.*, 303 US 303, pp. 314 - 315, 82 L Ed 858. (1938)

> "Doubt relative to statutory construction should be resolved in favor of the individual, not the government" *Greyhound Corp. v. United States,* 495 F2d 863

40. Internal Revenue Agents are not authorized to serve a Summons under Subtitle A. Internal Revenue Agent  Sarah Del Carmen has clearly exceeded his/her authority under 7608(a) in the instant matter, and is just as clearly not authorized under 7608(b), thereby destroying the required "*appropriate process*" necessary for the district court to hold jurisdiction to enforce the instant Summons.

41. Subtitle E tax is not the stated basis for this investigation. No Subtitle E records are sought under the Summons. Subtitle A earnings, tax, and activities are the true basis for this investigation undertaken by the Internal Revenue Agent. Nor does this civil action in any way pertain to any activity involving "*liquor, tobacco or firearms*", or any other "*commodities subject to tax",* or any taxable activity related to Subtitle E as required by the statutes authorizing the Internal Revenue Agent to serve a summons.

## ABUSE OF STATUTORY AUTHORITY

42. The limited authority that Sarah Del Carmen actually possesses as a Internal Revenue Agent under 26 U.S.C. Sec. 7608(a), is to serve a summons **related to the enforcement of Subtitle E provisions.** That **limited authority** has been abused in the instant matter, being improperly used to serve a Summons concerning the investigation of Subtitle **A** provisions, **not** Subtitle E as required by the specific language of the code section, 7608(a). This abuse of the statutory authority **violates and destroys** the statutorily required "*appropriate process*" necessary for the District Court to hold jurisdiction to enforce the Summons. **The Summons is therefore not legally enforceable because the jurisdiction of the District Court has been destroyed for want of "*appropriate process*".**

43. Subtitle E is **not** a part of this investigative action, but it was this Subtitle E authority, 26 U.S.C. Sec. 7608(a), that has been erroneously relied upon in this matter to have the Internal Revenue Agent improperly and unlawfully serve the Subtitle A Summons, by misusing his or her Subtitle E authority, **instead of a "*criminal investigator of the Intelligence Division",* who is lawfully authorized by statute to so act**. At no point or place in the record of these legal proceedings does Internal Revenue Agent Sarah Del Carmen claim to be an authorized **"*criminal investigator of the Intelligence Division".*** Without that evidence being present in the legal record of the court in this action**, there is no lawful jurisdiction that can be established in statute that would allow this Court to enforce the instant summons,** because this **is a critical element of the required "*appropriate process*" necessary for such jurisdiction to exist.**

16

44.     Therefore the *"appropriate process"* necessary for the Court to have jurisdiction under 26 U.S.C. Sec. 7604(a) and 26 U.S.C. Sec. 7402(b) **has been violated and poisoned** by the **misfeasance** of the Internal Revenue Agent, who wrongfully misused the Subtitle E – Alcohol, Tobacco & Firearms legal authority to improperly serve a summons regarding a Subtitle A enforcement investigation.

45.     The integrity and character of the Internal Revenue Agent is called into question by this **misfeasance and blatant misuse** of the statutory powers, and any hope of establishing the legal, statutorily required *"appropriate process"* that could establish jurisdiction for the District Court is **destroyed**. The lawful jurisdiction of these Courts to enforce the Summons has been invalidated by this **inappropriate** process, and jurisdiction to enforce this/these Summons(es) is beyond reach of the District Court **because there can be no proper showing of statutory authority** for the issuance and service of this Summons by a "*criminal investigator of the Intelligence Division*", pertaining to Subtitle A under 7608(b), **as required by law to establish "*appropriate process" under* 7604(a) and 7402(b).

46.     Jurisdiction of the District Court under 26 U.S.C. Section 7604(a) and 26 U.S.C. Sec. 7402(b) to enforce an internal revenue Summons can only be established by "*appropriate process*". "*Appropriate process"* **cannot be established in this case** because **a *criminal investigator of the Intelligence Division* did not serve the Subtitle A Summons as required** under 26 U.S.C. Sec. 7608(b)(1). "*Appropriate process"* **has been poisoned** because the authority of Internal Revenue Agent Sarah Del Carmen to serve summons under Subtitle E was improperly abused in the instant matter, to wrongfully and improperly serve a Summons related to a Subtitle A investigation, instead of properly pertaining to a Subtitle E investigation. Internal Revenue Agent Sarah Del Carmen does not possess the statutory authority necessary under 26 U.S.C. Sec. 7608(b) to serve a Subtitle A Summons **because she is not a "*criminal investigator of the Intelligence Division*".

17

47.     Internal Revenue Agent Sarah Del Carmen cannot misuse the authority of 26 U.S.C. Sec. 7608(a) – to serve a Summons under Subtitle E,  to accomplish an end that is not authorized by Sec. 7608(a), and that is also not authorized under Sec. 7608(b) – i.e.: the service of a Subtitle A Summons by a Internal Revenue Agent **rather than by a** **"*criminal investigator*".**

48.     Title 26 U.S.C. Sec. 7608(b) controls and limits the enforcement authority of the United States and its officers using a Summons to investigate the enforcement of the Subtitle A provisions, and it does not make statutory provision for Internal Revenue Agents to serve Subtitle A Summons, as has been **inappropriately done in the instant matter**.

49.     The "*appropriate process*" required under 26 U.S.C. Sec. 7604(a) and 26 U.S.C. Sec. 7402(b) for the District Court to obtain jurisdiction in this matter has not been observed and is not present or intact, and has never existed, and in applying for enforcement of this improperly issued and served Summons, the **process of the court is severely abused.**

50.     In addition, the administrative summons issued in the instant case cites no authority other than the "Internal Revenue Code."  The Internal Revenue Code only lists four (4) sections from which the authority to issue could emanate, §§ 6420(e)(2), 6421(g)(2), 6427(j)(2) or 7602.  Three of those sections 6420(e)(2), 6421(g)(2), 6427(j)(2), pertain only to gasoline taxes, and the fourth, § 7602, addressed herein, has been published in the regulations as **only** pertaining to "intoxicating liquors".

51.     Therefore, the summons contains no authority that would pertain to the Petitioner and must be quashed by this honorable court in these proceedings.  The Petitioner is not now and has never been engaged in any of those Subtitle E revenue taxable activities. The records sought by the summons do not pertain to any Subtitle E activities or earnings.  The Internal Revenue Service has not and cannot produce any documentation showing that Petitioner is engaged in any activity involving any type of taxes that relate to "Intoxicating Liquors" under Subtitle E, **because no such business exists in Petitioner's life**.

52.    The cross references for Chapter 78 of the I.R.C. (Title 26) shown in the U.S.C. in Section 7612, confirm the limited proper use of the summons as revealed above and identified in the enclosed Exhibit of published regulations under the C.F.R..

   **§ 7612. Cross references**

   **(a) Inspection of books, papers, records, or other data.**
      For inspection of books, papers, records, or other data in the case of -
      (1) **Wagering**, see section 4423.
      (2) **Alcohol, tobacco, and firearms taxes,** see **subtitle E**.

53.    There are no other cross-references shown for the inspection of books, papers, records or other data.

## SUMMARY

54.    The facts and law in this case clearly and simply combine to show that there can be no showing of "*appropriate process*" in the instant matter under 26 U.S.C. § 7608, as required by 26 U.S.C. §§ 7604(a) and 7402(b), for the District Court to hold lawful jurisdiction **to enforce the instant Subtitle A Summons**.

55.    There can be no denying that both Section 7608 and Section 7609 are **both** part of the specified required "*appropriate process*" necessary for the district to hold jurisdiction to enforce a summons through application to the district for an order for enforcement. Section 7609 is specifically entitled "*Special Procedures for third party summonses*", and is obviously applicable, and Section 7608 **specifically identifies which *offices*,** i.e.: the specific I.R.S. employment *positions*, **are authorized to exercise the summons service authorities UNDER THE DIFFERENT SUBTITLES**.

56.    Neither Petitioner, nor his third-party record-keepers, possess any books or records, nor any information at all, relating to any Subtitle E taxes or business activities, nor have they conducted together any operations or activities related to commodities subject to tax.

57.  The Internal Revenue Agent's misuse of the statutory authority to issue a Summons under Subtitle E, **BUT NOT UNDER SUBTITLE A**, appears to be an attempt by the government **to intentionally misuse and abuse the legitimate and lawful authority it possesses to Summons books and records under Subtitle E**, in order to attempt to circumvent the limitations in the laws controlling their power, in an obviously illegitimate manner. That use of the Summons authority, under Subtitle A by a Internal Revenue Agent is **not** lawful, **nor does that power exist in the law** to be enforced by the District Court under the true Summons authority granted in the statutes of Subtitle A under Section 7602, and as authorized under Section 7608(b) for use within that subtitle.

> "It is the duty of the courts to be watchful for the Constitutional rights of the citizen and against any stealthy encroachments thereon"
> *Boyd v. United States*, 116 U.S. 616, 635 (1886)

## REQUIREMENTS OF LAWFUL SERVICE

58.  Finally, in order for the I.R.S. to make legal service on the Petitioner of the presentment of the Notice of Summons, it is erroneous to believe that I.R.C. § 7603 satisfies all of the legal service requirements necessary in this matter. For, while § 7603 specifies the *manner of service* to be made, it does not specify who is authorized **to MAKE service** of the Summons within an investigation **pertaining to a specific Subtitle's statutory provisions**. The requirements of making proper lawful service of a Summons, including the legal authority **to actually make service of the Summons by a statutorily authorized individual,** are completely spelled out and specified under I.R.C. § 7608(a) and (b), depending upon which Subtitle the investigative action originates under.

59.  It is alleged by Petitioner that Internal Revenue Agent Sarah Del Carmen has misused the statutory authority granted under 7608(a) to make service of a Summons under Subtitle E investigation. Internal Revenue Agent Sarah Del Carmen has never made any legal service of the Summons as required under 26 U.S.C. § 7608(b), necessary to invoke the court's authority to authorize an enforcement Order, because the Internal Revenue Agent is not the statutorily authorized "*criminal investigator of the Intelligence Division*", necessary to make such service within a Subtitle A investigation.

20

60. The jurisdiction of the court is irreparably poisoned and destroyed by such misconduct of the Internal Revenue Agent in attempting to serve and enforce the Summons through the use of an insufficient, and therefore deficient, authority for such under I.R.C. § 7608(a).

> "A stickler for enforcing the statutory notice it is entitled to receive, the government should be no less punctilious with respect to the statutory notice it is required to give." *Kulway v. United States*, 917 F 2d 729, 735 (2nd Cir. 1990).

61. Petitioner was never given any lawful service of the summons as required by the statutes (§ 7608(b)).   No lawful, authorized service of the Summons is or can be evidenced on the record of these proceedings.

## CONCLUSION

62. Section 7609(b) specifically gives the Petitioner the right to intervene in the enforcement of the Summons through the filing of a Petition to Quash the Summons.  Petitioner did so intervene.

63. As the subject of the investigation, Petitioner was entitled to proper lawful service by a "*criminal investigator of the Intelligence Division*" of any Summons that was issued regarding his property, i.e.: to obtain access to Subtitle A books and records.  Internal Revenue Agent Sarah Del Carmen never made any such required legal service of the summons under Section 7608(b), because as a Internal Revenue Agent he/she is not authorized in statute to do so.

64. Therefore, this/these disputed Summons(es) should be quashed and or dismissed by this honorable court **for lack of jurisdiction of the court to enforce the Summons, for want of the required appropriate process under 7604(a) and 7402(b), as supported under F.R.C.P., Rule 12(h)(3)**, and **for lack of lawful service as required by I.R.C. § 7608(b) and the rules of the court under F.R.C.P. Rule 12(b)(5).**

21

# PRAYER FOR RELIEF

65. THE FOREGOING PREMISES CONSIDERED, specifically: the misfeasance and malfeasance of the Internal Revenue Agent in improperly abusing his/her true statutory authority under 7608(a) to serve a Summons issued under authority of the United States under Section 7602, and as additionally required under Section 7608(b), and, the fact that the "*appropriate process*", required under Sections 7402(b) and 7604(a) for the District Court to possess jurisdiction to enforce an I.RS. Summons served within Subtitle A under authority of 7608(b) cannot be demonstrated in light of the violations of the statutory requirements of Title 26 U.S.C. § 7608(a) and (b) by the Internal Revenue Agent, together with the clear lack of required lawful legal service of the summons itself on the Petitioner under those 7608 subsections; and accordingly, the Petitioner prays this honorable Court to quash this/these Summons(es) for lack of jurisdiction for want of appropriate process, and for lack of required proper legal service of the 2039 Summons documents.

Respectfully submitted,

Donald R. Dees, *pro se*
3101-A South 54th St
Tacoma, WA  98409
(253) 278-5784

## CERTIFICATE OF SERVICE

I, Donald R. Dees, certify that a true copy of the attached *Petition To Quash* has been served via Certified Mail to the following:

Internal Revenue Agent Sarah Del Carmen
Internal Revenue Service
1201 Pacific Ave Suite 550 M/S 870SD
Tacoma, WA  98402

Thrivent Financial Bank
122 East College Avenue Suite 1E
Appleton, WI  54911

Thrivent Financial For Lutherans
4321 North Ballard Road
Appleton, WI  54919

Columbia Bank
PO Box 2156
Tacoma, WA  98401

Umpqua Financial Bank
PO Box 1820
Roseburg, OR  97470

U.S. Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

United States Attorney
for the Western District Of Washington
700 Stewart Street, Suite 5220
Seattle, WA 98101-1271

_____  April 25th, 2012

Donald R. Dees, *pro se*
3101-A South 54th Street
Tacoma, WA  98409
(253) 278-5784



# **Summons**

In the matter of  the tax liability of Donald Dees

Internal Revenue Service (Division):   Small Business/Self-Employed
Industry/Area (name or number):   Western

Periods: Calendar year ending December 31, 2008

## The Commissioner of Internal Revenue

To:  Thrivent Financial Bank

At:  122 East College Avenue, Suite 1E, Appleton, WI 54911

You are hereby summoned and required to appear before   Sarah Del Carmen (0411050), Internal Revenue Agent
an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers,
and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the
administration or enforcement of the internal revenue laws concerning the person identified above for the periods shown.

Provide copies of all bank statements, deposit slips, deposited items, and cancelled checks that are in your
possession, custody, or control for all bank and investment accounts that were held by Donald Dees, (SSN
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) or for which Donald Dees had signature authority, at any time during the year of 2008.  Provide this
information for the period of January 1, 2008 through December 31, 2008.

### Do not write in this space

**Business address and telephone number of IRS officer before whom you are to appear:**
1201 Pacific Ave. Suite 550, Tacoma, WA 98402  (253)591-6619

**Place and time for appearance at** mail to: 1201 Pacific Ave. Suite 550, Tacoma, WA 98402

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| **IRS** | on the | 4th | day of | May | 2012 | at | 9 | o'clock | a. m. |
| | | | | | *(year)* | | | | |
| | **Issued under authority of the Internal Revenue Code this** | 5th | **day of** | April | 2012 | | | | |
| Department of the Treasury | | | | | | | | | *(year)* |
| Internal Revenue Service | *(signature)* | | | | | Internal Revenue Agent (0411050) | | | |
| | Signature of issuing officer | | | | | Title | | | |
| **www.irs.gov** | | | | | | | | | |
| Form 2039 (Rev. 10-2010) | *(signature)* | | | | | Group Manager | | | |
| Catalog Number 21405J | Signature of approving officer *(if applicable)* | | | | | Title | | | |

**Part C  —  to be given to noticee**



# Summons

In the matter of  the tax liability of Donald Dees

Internal Revenue Service (Division):  Small Business/Self-Employed

Industry/Area (name or number):  Western

Periods: Calendar year ending December 31, 2008

## The Commissioner of Internal Revenue

To: Umpqua Bank

At:  Post office Box 1820, Roseburg, OR 97470

You are hereby summoned and required to appear before  Sarah Del Carmen (0411050), Internal Revenue Agent
an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers,
and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the
administration or enforcement of the internal revenue laws concerning the person identified above for the periods shown.

Provide copies of all bank statements, deposit slips, deposited items, and cancelled checks that are in your
possession, custody, or control for all bank and investment accounts that were held by Donald Dees, (SSN
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) or for which Donald  Dees had signature authority, at any time during the year of 2008.  Provide this
information for the period of January 1, 2008 through December 31, 2008.  Note that any accounts held by Donald
Dees during 2008 may have been held through Rainier Pacific Bank.

## Do not write in this space

Business address and telephone number of IRS officer before whom you are to appear:

1201 Pacific Ave. Suite 550, Tacoma, WA 98402  (253)591-6619

Place and time for appearance at  mail to: 1201 Pacific Ave. Suite 550, Tacoma, WA 98402

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| **IRS** | on the | 4th | day of | May | 2012 | at | 9 | o'clock | a. m. |
| | | | | | *(year)* | | | | |
| | Issued under authority of the Internal Revenue Code this | | 5th | day of | April | | | 2012 | |
| | | | | | | | | *(year)* | |

Department of the Treasury
Internal Revenue Service

Signature of issuing officer

www.irs.gov

Signature of approving officer *(if applicable)*

Form 2039 (Rev. 10-2010)
Catalog Number 21405J

Internal Revenue Agent (0411050)
Title

Group Manager
Title

**Part C** — to be given to noticee



# Summons

In the matter of the tax liability of Donald Dees

Internal Revenue Service (Division): Small Business/Self-Employed

Industry/Area (name or number): Western

Periods: Calendar year ending December 31, 2008

## The Commissioner of Internal Revenue

To: Columbia Bank

At: Post office Box 2156, Tacoma, WA 98401

You are hereby summoned and required to appear before Sarah Del Carmen (0411050), Internal Revenue Agent
an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning the person identified above for the periods shown.

Provide copies of all bank statements, deposit slips, deposited items, and cancelled checks that are in your possession, custody, or control for all bank and investment accounts that were held by Donald Dees, (SSN 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) or for which Donald Dees had signature authority, at any time during the year of 2008. Provide this information for the period of January 1, 2008 through December 31, 2008.

Do not write in this space

Business address and telephone number of IRS officer before whom you are to appear:
1201 Pacific Ave. Suite 550, Tacoma, WA 98402  (253)591-6619

Place and time for appearance at mail to: 1201 Pacific Ave. Suite 550, Tacoma, WA 98402

**IRS**

Department of the Treasury
Internal Revenue Service

www.irs.gov

Form 2039 (Rev. 10-2010)
Catalog Number 21405J

on the ___4th___ day of ___May___ , ___2012___ at ___9___ o'clock ___a.___ m.
                                                        (year)

Issued under authority of the Internal Revenue Code this ___5th___ day of ___April___ , ___2012___ .
                                                                    (year)

_Sarah Del Carmen_
Signature of issuing officer

Internal Revenue Agent (0411050)
Title

Group Manager
Title

Signature of approving officer (if applicable)

**Part C** — to be given to noticee



# Summons

In the matter of  the tax liability of Donald Dees

Internal Revenue Service (Division):  Small Business/Self-Employed

Industry/Area (name or number):  Western

Periods: Calendar year ending December 31, 2008

## The Commissioner of Internal Revenue

To: Thrivent Financial For Lutherans

At: 4321 North Ballard Road, Appleton, WI 54919

You are hereby summoned and required to appear before  Sarah Del Carmen (0411050), Internal Revenue Agent
an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning the person identified above for the periods shown.

Provide copies of all bank statements, deposit slips, deposited items, and cancelled checks that are in your possession, custody, or control for all bank and investment accounts that were held by Donald Dees, (SSN 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) or for which Donald Dees had signature authority, at any time during the year of 2008.  Provide this information for the period of January 1, 2008 through December 31, 2008.

**Do not write in this space**

**Business address and telephone number of IRS officer before whom you are to appear:**

1201 Pacific Ave. Suite 550, Tacoma, WA 98402  (253)591-6619

**Place and time for appearance at** mail to: 1201 Pacific Ave. Suite 550, Tacoma, WA 98402

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|

**IRS**

on the ___4th___ day of ___May___ ___2012___ at ___9___ o'clock ___a.___ m.
_(year)_

Issued under authority of the Internal Revenue Code this ___5th___ day of ___April___ , ___2012___ .
_(year)_

Department of the Treasury
Internal Revenue Service

www.irs.gov

Form 2039 (Rev. 10-2010)
Catalog Number 21405J

_Signature of issuing officer_

_Signature of approving officer (if applicable)_

Internal Revenue Agent (0411050)
Title

Group Manager
Title

**Part C** — to be given to noticee